**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1687

_____

LARRY HARTPENCE, owner of Hartpence Farms,
Appellant

v.

MADISON TOWNSHIP; MADISON TOWNSHIP SUPERVISORS; ANDY
NAZARENKO; CHARLES FREY; PHILIP SETZER; MADISON TOWNSHIP
PERMIT OFFICER; HOWARD STEVENS, Madison Township Building Code
Enforcement Officer; JAMES DAMSKI; BUILDING INSPECTION UNDERWRITERS
OF PENNSYLVANIA, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3-13-cv-00626)
District Judge: Hon. Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2015

Before: CHAGARES, KRAUSE, and BARRY, <u>Circuit Judges</u>.

(Opinion Filed: July 7, 2015)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

CHAGARES, Circuit Judge.

Larry Hartpence appeals the District Court's grant of the defendants' motion to dismiss. For the reasons that follow, we will affirm.

I.

Hartpence owns a property in Madison Township, Pennsylvania ("the Township") that contains a building for storing animal bedding materials. In January 2008, in connection with the construction of the building, Hartpence filed an Application for Code Exempt Building Permit with the Township. The application was denied, and, in the same month, the Township issued an order to show cause why his building should not be vacated or closed for violations of the Uniform Construction Code ("the Code"). Hartpence responded to the order to show cause by arguing that the structure was exempt from the Code as an agricultural building. The Township contended that the building was not exempt and issued an order to vacate. On March 20, 2008, the Township filed a criminal complaint against Hartpence in state court for failing to obtain a required permit. Hartpence was convicted, but on appeal, the Superior Court overturned his conviction on the ground that the building was indeed exempt from the permit requirement.

On July 23, 2012, Hartpence filed an action in state court against Madison Township, Madison Township Supervisors, Andy Nazarenko, Charles Frey, Philip Setzer, Howard Stevens, James Damski, and the Building Inspection Underwriters of Pennsylvania. In February 2013, he filed a three-count amended complaint. Count I of the amended complaint is labeled "Malicious Prosecution of Criminal Charges," and it refers exclusively to Pennsylvania state law. Appendix ("App.") 37. Count II

2

(erroneously labeled Count I in the amended complaint) is labeled "Violation of 42 U.S.C. § 1983," and it alleges, "in their rejection of the Plaintiff's application and in their initiation of the criminal charges against Plaintiff [, the defendants] deprived the Plaintiff of his constitutional rights." App. 39. Hartpence does not allege any facts describing how the action constituted a deprivation of constitutional rights. Count III alleges a deprivation of Hartpence's constitutional rights due to policies and procedures the Township promulgated.

The defendants removed the action and moved to dismiss on the grounds that the state malicious prosecution claim failed on the merits and that the two-year statute of limitations barred the § 1983 claims. Hartpence argued that Count II included a malicious prosecution claim under § 1983, and because the time limit for that claim did not begin to run until Hartpence's appeal had concluded successfully, it was not time-barred. The District Court rejected the argument that the complaint contained a § 1983 malicious prosecution claim, finding that the only malicious prosecution claim Hartpence had alleged was under state law:

> Although the plaintiff specifically cites § 1983 in Counts II and III of his complaint, he does not do so in Count I. In fact, in Count I, the plaintiff specifically cites to Pennsylvania state law. Moreover, the elements alleged in the amended complaint are consistent with that of a Pennsylvania state law malicious prosecution claim, not a § 1983 claim.

App. 10-11 n.4. The District Court thus found that the § 1983 claims concerned only the rejection of Hartpence's application and the initiation of criminal charges against him, both of which were barred by the statute of limitations. The District Court concluded that

3

Hartpence's state law malicious prosecution claim failed because the initial state court conviction established that the proceeding was not initiated without probable cause, as is necessary to state a claim for malicious prosecution under Pennsylvania law. The District Court thus granted the motion to dismiss. Hartpence timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over a district court's decision to grant a motion to dismiss under Rule 12(b)(6). See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). Like the District Court, we accept as true all factual allegations in the complaint and we construe the complaint in the light most favorable to the plaintiff. See id. We affirm a dismissal if the plaintiff has failed to plead "'enough facts to state a claim to relief that is plausible on its face.'" Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

Hartpence argues on appeal is that the District Court should have read Count II of the amended complaint as alleging malicious prosecution under § 1983. Had the District Court so read Count II, Hartpence argues, his claim would have survived because although the conviction was fatal to his state law claim, it would not have foreclosed a § 1983 malicious prosecution claim. We disagree.

4

The elements of a malicious prosecution claim under Pennsylvania law are that the defendant "(1) instituted the proceedings (2) without probable cause with (3) actual malice and (4) that the proceedings terminated in favor of the plaintiff." Lippay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993) (citing Kelley v. Gen. Teamsters, Local Union 249, 544 A.2d 940, 941 (Pa. 1988)). Under the common law, a criminal conviction, even if it is later overturned on appeal, is sufficient to show that the action was supported by probable cause, so long as the conviction was not obtained by fraud, perjury, or other nefarious means. See Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998) ("At common law, a conviction presumptively establishes the existence of probable cause absent a showing that the conviction was achieved through perjury, fraud or corruption."). A conviction does not have the same effect in the probable cause analysis for a § 1983 malicious prosecution case. See id. at 125 ("We hold today that the Restatement's rule that an overturned municipal conviction presumptively establish[es] probable cause contravenes the policies underlying the Civil Rights Act and therefore does not apply to a section 1983 malicious prosecution action.").

Though the conviction would not have barred Hartpence from stating a § 1983 malicious prosecution claim, the District Court was nevertheless correct that the amended complaint fails to state such a claim.

A malicious prosecution claim under § 1983 includes the same four elements listed above, see Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989), but it also contains an additional requirement: in order to state a malicious prosecution claim under § 1983, a plaintiff must allege facts sufficient to show a plausible "deprivation of liberty consistent

5

with the concept of seizure." <u>Donahue v. Gavin</u>, 280 F.3d 371, 380 (3d Cir. 2002) (quotation marks omitted). Hartpence fails to show such a deprivation. Though he alleges conclusorily that the defendants deprived him of his "constitutional rights," this allegation falls far short of the requirement that a plaintiff plead facts sufficient to state a claim to relief that is plausible on its face to survive a motion to dismiss.

IV.

For the foregoing reasons, we will affirm the order of the District Court.